UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. WAYNE WHEELOCK    Docket Number: 03-cr-00518-JLK-02

**Supplemental Petition Due to Violation of Supervised Release**

COMES NOW, Kathleen A. Keenan, probation officer of the court, presenting an official report upon the conduct and attitude of Wayne Wheelock who was placed on supervision by the Honorable Edward W. Nottingham sitting in the court at Denver, Colorado, on the 30th day of July, 2004, who fixed the period of supervision at three (3) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall participate in a program of testing and/or treatment for drug abuse, as directed by the probation officer, until he is released from the program by the probation officer. While participating in this program, he shall abstain from the use of alcohol or other intoxicants. He shall pay all costs associated with this program.

2. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless he is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.

**On May 13, 2009, this case was reassigned to Your Honor.**

**On May 13, 2010, at a Violation Hearing, conditions of supervised release were modified to include the following:**

3. **Defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. Defendant shall pay the cost of treatment as directed by the probation officer. The probation officer is authorized to release to the treatment agency all psychological reports and/or presentence reports for continuity of treatment.**

4. **Defendant shall reside in a residential reentry center for a period of up to 4 months to commence as soon as bed space is available, and shall observe the rules of that facility.**

**On August 26, 2010, at a Compliance Review Hearing, conditions of supervised release were modified to include the following:**

5. **Defendant shall remain in the halfway house until January 5, 2011. If the Probation Officer or Defendant decide that the release date should be sooner, then a motion needs to be filed for consideration.**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the petition filed on September 7, 2010, be supplemented to include attached Violation No. 4.

### ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 20th day of September, 2010, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | */s/Kathleen A. Keenan* |
| **s/John L. Kane** | Kathleen A. Keenan<br>Senior Probation Officer |
| John L. Kane<br>Senior United States District Judge | Place: Colorado Springs, Colorado<br><br>Date: September 14, 2010 |

# ATTACHMENT

4. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about September 8, 2010, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On September 8, 2010, the defendant submitted a urine sample at ComCor, the residential reentry center in Colorado Springs, that tested positive for the use of methamphetamine. Results from Alere Laboratories confirmed a positive result for methamphetamine (D-Methamphetamine 91%). Pat Pizzo, Director of Toxicology at Alere Laboratories, had previously concluded that the use of Adderall will not result in the detection of methamphetamine in the urine. I have not discussed this result with the defendant as he was arrested on September 8, 2010, on the Court's warrant for violation of supervised release.